# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6847 | **DATE** | 2/23/2001 |
| **CASE TITLE** | Chicago District, etal vs. Market Contracting Services | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion for a stay pending arbitration (6-2) is granted. Thus, we will stay this case pending arbitration of the parties' disputes. Furthermore, we will entertain at any time a motion from Market in its companion case against the Union to compel arbitration of the same issue.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 14 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 2/23/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CHICAGO DISTRICT COUNCIL OF CARPENTERS )
PENSION FUND, et.al., )
)
Plaintiffs, ) Case No. 00 C 6847
)
v. )
)
MARKET CONTRACTING SERVICES, INC. )
)
Defendant. )

DOCKETED
FEB 2 7 2001

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Defendant Market Contracting Services Inc. ("Market") has filed a motion to dismiss the complaint filed by plaintiffs Chicago District Council of Carpenters Pension Fund, et. al. (the "Funds"), or in the alternative, to stay the case pending arbitration. Market contends that the proper forum for the parties' dispute is through arbitration as required by Article 18 of a collective bargaining agreement ("CBA") between Market and the Chicago and Northeast Illinois District Council of Carpenters (the "Union"). We agree, and thus will stay this case pending arbitration.

As stated in our order of February 7, 2001, this case has been consolidated with a related pending matter in which Market is the plaintiff and the Union is the defendant. The facts of both cases are identical. Market is a signatory to a CBA with the Union. Pursuant to sections 12, 13, and 14 of the CBA, Market must make certain contributions to the Funds on behalf of its employees. Also pursuant to the CBA, section 15, Market must post a bond with the Union, on a Union-supplied uniform bond form, to insure against delinquent payments to the Funds. Further, section 18 requires that "any dispute as to the proper interpretation of this Agreement" shall be first negotiated between the Union and the employer, and then submitted to arbitration. There are several exceptions to this requirement, which as we will explain, are not applicable here.

Section 15 of the CBA sets a schedule for the size of the bond due from employers which is based on their number of employees "[u]nless (the bond is) otherwise increased by the President of the

U[nion]." On September 13, 2000, the Union informed Market that it was required to post a bond of $500,000, which is $420,000 more than the bond Market would owe based strictly on its number of employees. Market objected to the increase and engaged in several weeks of negotiation and correspondence with the Union, asking for arbitration of the issue as provided in the CBA. The Funds never made any demand from Market regarding the bond until they filed suit against it on November 1, 2000. Market subsequently filed suit against the Union requesting the court to order arbitration of the issue, contending that the parties have a dispute over the interpretation of Section 18 of the CBA. These two suits are now consolidated here, although we are currently only considering Market's request to stay the case filed by the Funds.

The Funds contend that they are not subject to the mandatory arbitration provisions of Section 18 of the CBA. They cite *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364 (1984) and *Pipe Fitters' Welfare Fund, Local Union 597 v. Mosbeck Industrial Equipment, Inc.*, 856 F.2d 837, 840 (7th Cir. 1988) as evidence that they should not be compelled to arbitrate. Actually, all these cases hold is that there is no presumption in favor of arbitrability for disputes between employers and trust funds. Instead, the court must examine the relevant CBA and trust documents to determine whether the parties intended to submit disputes involving such trust funds to arbitration. *Id.*

In this case we have no trust agreements to examine for the parties' intent, and thus must focus solely on the CBA. The Funds argue that nothing in the CBA provides for arbitration of disputes between it and Market. They also point out that the arbitration clause exempts all actions regarding the collection of contributions to the Funds. We do not find either of these arguments persuasive. First, we have no document before us which indicates any reason that the Funds should not be required to arbitrate the disagreement. In contrast the *Schneider* court noted that the trust agreement specifically stated that the funds may initiate legal proceedings to secure delinquent contributions, and the CBA did not contradict this grant of authority. 466 U.S. at 372.

Further, the arbitration exemptions only concern disputes over contributions to the Funds made pursuant to sections 12-14 of the CBA. This case involves a bonding requirement between Market and

2

the Union set forth in an entirely different section of the CBA, section 15. The facts here are nearly identical to those in *Chicago District Council of Carpenters Pension Fund et.al. v. Fosna Construction, Inc.*, No. 00C568, 2000 WL 1469438 (N.D.Ill., Oct. 2, 2000), in which the court granted the employer's motion for a stay pending arbitration, explaining, "Plaintiffs sue as third party beneficiaries of the [CBA]. They cannot be permitted to pick and choose what parts of that agreement will govern their rights."[1] Had the drafters of the CBA wished to exclude the bonding requirement from the mandatory arbitration clause, they could have done so. By choosing to exclude only those disputes that governed straight contributions to the Funds, the drafters implied that the bonding requirement is subject to arbitration, no matter who decides to file the lawsuit.[2] Although various judges in this circuit have come to different conclusions regarding the arbitrability of disputes with similar funds, we prefer to follow the well reasoned opinion of *Fosna*. The minute order in *Chicago District Council of Carpenters v. J.J. Painting & Decorating*, 99C4900, provided by the Funds, does not contain very much legal reasoning upon which we could rely, and furthermore appears to include a review of certain trust documents, which we do not have in this case. Thus, we will stay this case pending arbitration of the parties' dispute. Furthermore, we will entertain at any time a motion from Market in its companion case against the Union to compel arbitration of the same issue. It is so ordered.

---

[1] As we stated above, the dispute concerning the size of the bond was entirely between Market and the Union until the time that the Funds filed their complaint. Although we do not wish to speculate on the reasons that the Union did not join the suit, it is not unreasonable to surmise that the Funds and the Union were trying to circumvent the arbitration clause, which unquestionably would be applicable if the Union had been the plaintiff.

[2] On February 14, 2001, the Funds filed instanter a supplemental exhibit and response to the pending motion. The response apparently implies that when the Union renegotiated the CBA with Market's bargaining agent in January 2001, they amended section 15 to exclude the bonding requirement from the mandatory arbitration provisions. Further, the Funds attached a side agreement that purports to make this exemption retroactive to the previous CBA that is at issue here. In this case, the side agreement seems to have been almost too conveniently created at the exact time that the parties were briefing the issue of the arbitrability of the bonding requirement. We do not know why the plaintiffs did not submit the side agreement – which purports to be effective as of January 8, 2001 – with their response brief, filed on January 9, 2001. In any event, we will not consider it at this time.

3

MARVIN E. ASPEN
United States District Judge

Dated 2/23/01